UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MALISSA R. HARMON, *pro se* | Case No. 1:19-cv-670 |
| Plaintiff, | The Honorable Michael R. Barrett |
| v. | **DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT** |
| HONEYWELL INTELLIGRATED, ET AL | |
| Defendant. | |

  Defendant Intelligrated, Inc. d/b/a Honeywell Intelligrated ("Honeywell") hereby moves for an Order dismissing the First Amended Complaint of Plaintiff Malissa Harmon on the ground that it violates Fed.R.Civ. P. 8, because it is so verbose and incoherent as to not be a "short and plain statement" of Plaintiff's claim. The First Amended Complaint – at its core a single-plaintiff employment discrimination action -- consists of 524 paragraphs, many of which contain multiple allegations, is 109 pages, and purports to reference hundreds of exhibits. As such, it fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" pursuant to Rule 8(a) and should be dismissed, even under the more lenient pleading standard for a *pro se* litigant.  Additionally, the purported attachment of numerous extraneous documents to the Complaint (none of which appear in the record) violates Fed.R.Civ.P. 10(c).

  The reasons supporting this Motion are set forth in detail in the attached Memorandum in Support.

2

/s/ *Monica L. Lacks*
Monica L. Lacks (0078649)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH  44114
216.241.6100
216.357.4733 (FAX)
Email: monica.lacks@ogletree.com

Leah S. Freed
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
22415 East Camelback Road, Suite 800
Phoenix, Arizona 85015
Telephone:  (602) 778-3700
Facsimile:  (602) 778-3750
Email:  leah.freed@ogletree.com

*Attorneys for Defendant Intelligrated, Inc.*

**MEMORANDUM IN SUPPORT**

**1.     Introduction and Background**

Plaintiff Melissa Harmon, *pro se*, has filed the subject 109-page First Amended Complaint (FAC) against Honeywell.[1] As established below, the FAC violates the Federal Rules of Civil Procedure in multiple respects. Specifically, the FAC fails to state a claim as required by the "short and plain statement" requirement of Rule 8(a), and fails to satisfy the requirements of Rule 10, "Form of Pleadings".

Fed. R. Civ. P. 8 states, in relevant part, as follows:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1)     a short and plain statement of the grounds for the Court's jurisdiction, unless the Court already has jurisdiction and the claim needs no new jurisdictional support;

(2)     a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)     a demand for the relief sought, which may include relief in the alternative or different types of relief.

Rule 8 requires plaintiffs "to edit and organize their claims and supporting allegations into a manageable format." *Aaron v. Medtronic, Inc.*, No. 1:13–cv–301 (S.D. Ohio 2013) 2013

---

[1] Plaintiff's original Complaint, filed on August 27, 2019 (ECF 3), was 107 pages, and violated Rule 8 for the same reasons as the First Amended Complaint. Further, Plaintiff failed to serve undersigned counsel with the First Amended Complaint, despite having notice of counsel's representation. On Wednesday, September 25, 2019, counsel emailed Plaintiff, advising Plaintiff of counsel's representation of Honeywell and requesting Plaintiff's stipulation to a 21-day extension of time to respond to the original Complaint, pursuant to L.R. 6.1. Plaintiff responded on September 26, 2019 stating that she would agree only to a 14-day extension. Plaintiff made no mention of the fact that she planned to file a First Amended Complaint the following day (September 27) and never served counsel with the First Amended Complaint. Rather, counsel learned of it upon checking the docket in this matter.

WL 5177168 (quoting *Hollon v. E. Ky. Corr. Complex*, No. 10–CV–177–KSF, 2012 U.S. Dist. LEXIS 74676, at *5, 2010 WL 2924091 (E.D.Ky. July 22, 2010)). Further, as the Court explained in *Lewis v. Almeida*, No. 3:13-CV-675-TAV-CCS, 2014 WL 2718899, at *4 (E.D. Tenn. June 16, 2014):

> Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir.2007). The statement of the claim must be "plain" because "the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988). The statement should also be short because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Id.* (quotations omitted); *see also Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir.1994) (noting that a complaint that is "prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation"). A court is not obligated to "stitch together cognizable claims for relief from [a] wholly deficient pleading" filed by a plaintiff. *Id.*; *see*, e.g. *Plymale v. Freeman*, 930 F.2d 919, 1991 WL 54882, at *1 (6th Cir. Apr.12, 1991) (affirming district court's dismissal of 119 page "rambling complaint").

Here, Plaintiff's 109-page FAC falls far short of the requirements of Rules 8. By way of illustration:

- The FAC contains 524 numbered paragraphs. Many of those paragraphs contain rambling soliloquies of multiple allegations within them.

    o   For example, paragraph 61 reads:

    > 61.    Over the next months the Plaintiff was directed to train Misty Sanderson on all the tasks she was trained by Cindy Levitz, former Supervisor Install Admins and Misty Sanderson trained the Plaintiff on her previous Install Field Admin responsibilities. While Sanderson was transitioning into her new role, she transited all of her projects to the Plaintiff because she didn't feel comfortable with the other Admins handing her projects because of mistakes she complained they made. Plaintiff began to provide Install Field Admin support to Brett Sanderson, Manager, Mechanical Installation. Plaintiff also continued to handle her normal contract

4

> vendor related duties including still trying to get the Installation Department to adhere to Company purchasing policies. Plaintiff continued to document advising Installation Management of continued fraudulent accounting and payroll activity which continued internally within the Installation Department. Plaintiff provided supporting documentation as requested by Company officials, still nothing being resolved. Plaintiff started to feel more hostility and resentment attitudes against her during this time.

- o   In similar fashion, paragraph 67 reads:

> 67.   November 19, 2015 Due to a backlog of vendor invoices not being able to be processed Plaintiff requests to speak with Andrew Geyer, (new) Director Mechanical Installation Services that Mechanical Managers are not following Company purchasing process. Plaintiff also advised invoices are being received without a requisition being submitted. Plaintiff explained the purchasing process to Andrew Geyer since he was new to the department and also explained that these unresolved invoices are affecting the Accounting Department as well as the balancing of our contract vendor log. Plaintiff advised that she had already spoken with Misty Sanderson multiple times but she was not doing anything to resolve issues and that the unresolved issues were not allowing her to complete her job responsibilities. Plaintiff felt that because she questioned Misty Sanderson's husband's projects and other questionable field expenses and invoicing that it presented a conflict of interest, as Misty Sanderson would direct Plaintiff to continue to process questionable department invoices and timesheets even after expressing stating that they are falsifying and charging projects for services and goods not rendered or properly approved through the Company purchasing policy (Attachment E-6).

- The FAC does not even reach the "Causes of Action" (of which Plaintiff purports to state fourteen) until paragraph 434.

- Throughout the FAC, Plaintiff inserts unnumbered paragraphs without explanation. For example, after Paragraph 16, Plaintiff states:

> Plaintiff transitioned into her newly created role in order to provide checks and balances to the department.  The Installation department was not adhering to the company-wide purchasing policies at the time of Plaintiff's promotion.  Plaintiff created a departmental spreadsheet to balance that departments vendor labor. Plaintiff advised Company officials of balancing issues and solutions.

5

(ECF 6, PAGEID 236). See also PAGE ID 240, 243, 245, 257, 259, 283, 304, 320, 322 and 324.

- The caption of the FAC and the fourteen causes of action asserted in the FAC reflect that this action is brought exclusively against Honeywell. However, the FAC lists ten Honeywell employees as "Parties" to the case. ECF 6, PAGEID 233-234. The FAC refers to the alleged conduct of "Defendants" throughout the fourteen causes of action, all of which expressly state that they are asserted only "against Defendant Honeywell Intelligrated". Additionally, ¶¶ 473 and 474 reference the alleged conduct of "the individual Defendants", despite the fact that the Seventh Cause of Action in which they appear is asserted exclusively against Honeywell.

- The FAC contains numerous paragraphs that contain no allegations at all, but seemingly identify "attachments" (which do not appear anywhere in the record). See, e.g. ECF 6, ¶¶ 390-401, PAGEID 320-21.

- The FAC is replete with references to hundreds of purported, unidentified "attachments", presumably including numerous internal company emails, other internal company documents, FMLA documentation, performance reviews, and pay statements. These documents are not contained in the record.

2. **The FAC Should Be Dismissed Under Rule 8 Because It is Verbose, Unintelligible and Prejudicial to Honeywell and the Individuals Identified as "Party" Defendants.**

All of the aforementioned factors require dismissal of the FAC under Rule 8(a), In particular, the length and prolixity of the FAC and its failure to denote whether Honeywell is the exclusive Defendant and, if not, which causes of action are asserted against which specific Honeywell employees, renders the FAC unintelligible and highly prejudicial to Honeywell and

6

the other potential Defendants. Courts in this Circuit have regularly dismissed complaints under similar circumstances. In *Arnold v. Alphatec Spine, Inc*., No. 1:13-cv-714, 2014 WL 2896838 (S.D. Ohio June 26, 2014), the court held that a 59-page complaint was "neither short, nor plain" such that it was subject to dismissal under Rule 8. The court further concluded that the plaintiff's repeated references to "defendants" without specifying the conduct attributable to each failed to meet Rule 8's notice requirements because the Complaint failed to provide the defendants with sufficient notice of the claims asserted against them and distinguish between each defendant's conduct and potential liability. *Id*. at *4 (citing *Aaron, et al v. Durrani, et al*. Case no. 1:13-cv-202 (S.D Ohio Mar. 13, 2013).

The length of the subject FAC – which is nearly twice as long as the one in *Arnold* – and Plaintiff's replete references to the "Defendants'" alleged conduct among the fourteen causes of action, without differentiating among the ten Honeywell employees referenced among the "Parties", likewise requires its dismissal under Rule 8. See also *James v. Vallie*, 198 F.3d 245 (6th Cir. 1999) (unpublished) (dismissal of 71-page complaint with 31 overlapping, repetitive counts and 163 exhibits, without permitting *pro se* plaintiff leave to amend, was not in error); *Plymale v. Freeman*, 930 F.2d 919 (6th Cir. 1991) (unpublished) (affirming dismissal of *pro se* plaintiff's "rambling complaint" that was 119 pages long and encompassed 24 counts for failure to comply with Rule 8); *Shabazz v. Xerox*, No. 1:15-cv-578, 2014 WL 4181600, at *3 (S.D. Ohio Aug. 21, 2014) (observing that the "442 paragraph complaint … cannot be considered a short and plain statement of the case", and that the complaint also failed to meet the requirement of Rule 8(b)(1) that "[e]ach allegation must be simple concise and direct").

In *Lewis v. Almeida*, supra, 2014 WL 2718899, the court dismissed a *pro se* plaintiff's 163-page, 958 paragraph complaint that contained 95 exhibits for failure to state a claim for

7

relief in conformance with Rule 8.  As the court observed, while *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers, the "lenient treatment generally accorded to pro se litigants has limits." *Id.* at *5 (quoting *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)).  As such, "[l]iberal federal pleading standards do not permit litigants – even those acting *pro se* – to proceed on pleadings that are not readily comprehensible." *Id.*, citing *Becker v. Ohio State Legal Servs. Ass'n,* 19 Fed. Appx. 321, 322 (6th Cir. 2001); *Janita Theresa Corp. v. United States Attorney,* No. 96-1706, 1997 WL 211247, at *1 (6th Cir. Apr. 28, 1997). The FAC before this court falls well within the parameters of those which courts of this Circuit have dismissed for failure to comply with Rule 8, regardless of Plaintiff's *pro se* status.

3. **Plaintiff's Attempt to Incorporate Hundreds of Unidentified, Extraneous Materials Violates Rule 10**.

In addition, Plaintiff's attempt to incorporate by reference seemingly hundreds of unidentified documents is further ground for dismissal. Fed. R. Civ. P. 10 likewise encourages clarity and brevity in pleadings, and further addresses the incorporation of documents.  Rule 10(c) permits the incorporation of "instruments" into a complaint.  It provides, in relevant part, that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."  "An 'instrument' [ … ] defines rights, duties, entitlements, or liabilities." *Copeland v. Aerisyn, LLC*, No. 1:10–CV–78, 2011 WL 2181497, at *1 (E.D.Tenn. June 3, 2011) (quoting Black's Law Dictionary (9th ed. 2009)).  In *Aaron v. Medtronic, Inc*., No. 1:13–cv–301, 2013 WL 5177168 (S.D. Ohio 2013), the court dismissed the complaint for failure to comply with Rules 8(a) and 10(c), the latter on the ground that the plaintiffs' "various attached complaints and narratives are not 'instruments' but rather constitute precisely the type of 'lengthy or numerous exhibits containing extraneous [ ... ] material [that] should not be attached to the pleadings.'" (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice &

8

Procedure § 1327 (3rd. ed. 2009)).  Although Honeywell can only surmise what unidentified documents Plaintiff seeks to incorporate because they are not filed in the record, it would appear, based on the references within the FAC, that they are not "instruments", but rather extraneous materials that have no place in a pleading.

## CONCLUSION

For the reasons stated above, Defendant Intelligrated, Inc. d/b/a Honeywell Intelligrated respectfully requests that the Court dismiss the First Amended Complaint in this action.

Respectfully submitted,

/s/ *Monica L. Lacks*
Monica L. Lacks (0078649)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
Key Tower
127 Public Square, Suite 4100
Cleveland, OH  44114
216.241.6100
216.357.4733 (FAX)
Email: monica.lacks@ogletree.com

Leah S. Freed
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
22415 East Camelback Road, Suite 800
Phoenix, Arizona 85015
Telephone:  (602) 778-3700
Facsimile:  (602) 778-3750
Email:  leah.freed@ogletree.com

*Attorneys for Defendant Intelligrated, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 4, 2019, a copy of the foregoing *Defendant's Motion to Dismiss Plaintiff's First Amended Complaint* was filed electronically with the Clerk of Court using the CM/ECF system and was served by email at Plaintiff's email address below:

Malissa R. Harmon
1512 N. Breil Road
Middletown, OH 45402
malissaharmon24@gmail.com

*Pro Se Plaintiff*

                                  */s/ Monica L. Lacks*
                                  *Attorney for Defendant Intelligrated, Inc.*

40140769.2