UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MALISSA R. HARMON,
Plaintiff,

vs.

HONEYWELL INTELLIGRATED,
Defendant.

Case No. 1:19-cv-670
Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on defendant's motion to dismiss the first amended complaint (Doc. 9), plaintiff's memorandum in opposition (Doc. 14), and defendant's reply memorandum (Doc. 16), and on plaintiff's motion for preliminary injunction (Doc. 12), defendant's memorandum in opposition (Doc. 15), and plaintiff's reply memorandum (Doc. 17).

**I. Defendant's motion to dismiss should be denied, subject to refiling upon plaintiff's filing of a second amended complaint.**

Plaintiff filed a 109-page, 524-paragraph pro se amended complaint alleging, *inter alia*, discrimination in employment. She alleges 14 causes of action: (1) race discrimination and racial harassment under Title VII, 42 U.S.C. § 2000e, and Ohio Rev. Code §4112.02; (2) age discrimination under Title VII and Ohio Rev. Code § 4112.02; (3) pregnancy discrimination under Title VII and Ohio Rev. Code §§ 4112.5.05 (G)(5), 4112.02 (A); (4) wage discrimination under Ohio Rev. Code § 4111.17; (5) pattern or practice of retaliatory harassment under Ohio Rev. Code § 4112.02; (6) disparate treatment discrimination under Ohio Rev. Code § 4112.02; (7) aiding and abetting discrimination in violation of Ohio Rev. Code § 4112.02(J); (8) breach of an implied contract under Ohio Rev. Code §§ 2305.07, 2305.06; (9) promissory estoppel; (10) wrongful discharge in violation of public policy under Ohio Rev. Code § 4112.99; (11) misrepresentation and fraud; (12) intentional infliction of emotional distress; (13) Family

Medical Leave Act (FMLA) interference and FMLA retaliation under 29 U.S.C. §§ 2615(a)(l), 2615(a)(2); and (14) defamation: slander and libel under Ohio Rev. Code § 2739.01.

Plaintiff's amended complaint fails to comply with Fed. R. Civ. P. 8(a), which provides that the complaint must contain a "short and plain statement of the claim." Because of its length, level of detail, and the over-inclusive nature of plaintiff's allegations stemming from her employment with defendant and ultimate termination, the amended complaint presents a difficult, if not impossible, challenge to the defendants in preparing a responsive pleading and for the Court to conduct orderly litigation. *See Shabazz v. Xerox*, No. 1:14-cv-578, 2014 WL 4181600, at *3 (S.D. Ohio Aug. 21, 2014) ("When a pleading is so verbose as to be indecipherable, the complaint may be dismissed for failure to comply with the Federal Rules of Civil Procedure.") (citing *Plymale v. Freeman*, No. 90–2202, 1991 WL 54882 (6th Cir. Apr. 12, 1991) (affirming dismissal with prejudice of 119-page complaint with twenty-four counts for failure to comply with Rule 8); *Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (116-page 242-paragraph prisoner civil rights complaint "would, because of its length and level of detail, present a challenge to the defendants in filing a responsive pleading" and was a violation of Rule 8(a)(2)); *McHenry v. Renne,* 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.")). The amended complaint is simply too voluminous and unfocused to meet the requirements of Fed. R. Civ. P. 8.

Nevertheless, given plaintiff's status as a pro se litigant, the undersigned will allow plaintiff the opportunity to resubmit a second amended complaint that complies with Fed. R. Civ. P. 8. Specifically, plaintiff is **DIRECTED** to file a second amended complaint, **which must not**

**exceed 20 pages in length**, setting forth in short and concise terms her claims for relief and omitting the level of detail contained in the amended complaint. Any second amended complaint submitted in compliance with the instructions provided herein must be filed **within twenty-one (21) days of the date of filing of this Order**. Plaintiff is hereby **NOTIFIED** that if she files a second amended complaint that does not comport with this Court's instructions set forth herein, the action may be dismissed for failure to comply with Fed. R. Civ. P. 8.

Because the Court will grant plaintiff an opportunity to file a second amended complaint, defendant's motion to dismiss should be denied, subject to refiling upon the filing of a second amended complaint by plaintiff.

**II. Plaintiff's motion for preliminary injunction should be denied.**

Plaintiff alleges she received short-term and long-term disability benefits as a result of a medical leave of absence from her employment with defendant. Plaintiff alleges defendant intentionally interfered with her receipt of these benefits; directed Cigna, the healthcare provider, "to make unlawful and unfair sweeping changes to the [p]laintiff's healthcare benefits"; and incorrectly billed her for healthcare coverage. Plaintiff seeks an injunction to accomplish the following: (1) order defendant to instruct Cigna to remove the "estimated freeze" from plaintiff's long-term disability income benefits and to forward all back pay immediately to plaintiff; (2) order defendant to immediately reinstate plaintiff's family healthcare coverage with no lapse in healthcare coverage; (3) order defendant to audit and correct plaintiff's healthcare coverage invoices and to clearly provide an explanation of all debits, adjustments, credits, and payments posted to plaintiff's account between January 2018 through May 2019; and (4) order defendant to pay all months of plaintiff's healthcare coverage premiums. (Doc. 12).

3

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other gds. by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff is not entitled to a preliminary injunction in this matter. The purpose of a preliminary injunction is to maintain the relative positions of the parties until proceedings on the merits can be conducted. *Camenisch*, 451 U.S. at 395; *see also Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 102 (6th Cir. 1991). Thus, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). "This is because '[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint.'" *Colvin*, 605 F.3d at 300 (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)). A court may not grant a preliminary injunction when the issues raised in the motion are entirely different from those raised in the complaint. *See Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997); *Omega World Travel, Inc.*, 111 F.3d at 16; *Stewart v. U.S. Immigration and Naturalization Serv.*, 762 F.2d 193, 198-99 (2d Cir. 1985).

Plaintiff seeks injunctive relief unrelated to the merits of the claims alleged in her first amended complaint. Rather, she seeks injunctive relief based on new claims involving her receipt of short-term and long-term disability benefits and defendant's alleged interference with those benefits. A motion for preliminary injunctive relief is not the proper method for plaintiff "to use in an attempt to address other issues unrelated to h[er] original complaint." *Hendricks v. Hazzard*, No. 2:11-cv-399, 2013 WL 2635729, at *3 (S.D. Ohio June 12, 2013) (Report and Recommendation), *adopted*, 2013 WL 5944082, at *4 (S.D. Ohio Nov. 5, 2013).

In addition, the Court finds that plaintiff has neither alleged facts, nor submitted any evidence warranting a preliminary injunction in this matter. The allegations in plaintiff's motion do not constitute evidence supporting the injunctive relief she seeks. Plaintiff has made no attempt to apply the preliminary injunction factors to her situation; she has not alleged facts indicating a substantial likelihood of success on the merits of her claims; and she has not alleged facts showing that she will suffer irreparable harm absent a preliminary injunction. In the event plaintiff succeeds on the merits of her claims, equitable relief is available to correct any legal harms she has suffered.

A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction -- to preserve the status quo until a trial on the merits can be held -- would not be served. *Great Lakes Brewing Co.*, 860 F.3d at 848; *Martin*, 924 F.2d at 102. The present status quo in this case is, according to plaintiff, that she has suffered numerous violations of her rights. The remedy plaintiff presently seeks is more than an injunction maintaining the status quo; she seeks an Order from this Court requiring defendant to affirmatively correct alleged violations yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

For these reasons, it is recommended that plaintiff's motion for preliminary injunction be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's motion to dismiss be **DENIED**, subject to refiling upon plaintiff's filing of a second amended complaint, if warranted.

2. Plaintiff's motion for preliminary injunction be **DENIED**.

**IT IS THEREFORE ORDERED:**

1. Plaintiff is **DIRECTED** to file a second amended complaint, **which must not exceed 20 pages in length**, setting forth in short and concise terms her claims for relief and omitting the level of detail contained in the amended complaint. Any second amended complaint submitted in compliance with the instructions provided herein must be filed **within twenty-one (21) days of the date of filing of this Order**. Plaintiff is hereby **NOTIFIED** that if she files a second amended complaint that does not comport with this Court's instructions set forth herein, the action may be dismissed for failure to comply with Fed. R. Civ. P. 8.

11/8/19
Date

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MALISSA R. HARMON,
Plaintiff,

vs.

HONEYWELL INTELLIGRATED,
Defendant.

Case No. 1:19-cv-670
Barrett, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).