UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MALISSA R. HARMON,
    Plaintiff,

vs.

HONEYWELL INTELLIGRATED,
    Defendant.

Case No. 1:19-cv-670
Cole, J.
Litkovitz, M.J.

ORDER

Plaintiff Malissa Harmon brings this employment discrimination action against defendant Honeywell Intelligrated ("Honeywell"). This matter is before the Court on defendant's motion to strike (Doc. 51), plaintiff's response in opposition (Doc. 54), and defendant's reply memorandum (Doc. 56).

I. Background

On June 30, 2021, plaintiff filed a motion for leave to file a third amended complaint "to transfer jurisdiction of the SOX claim to district courts." (Doc. 39). Specifically, plaintiff sought leave of court to amend her second amended complaint to add a whistleblower claim under the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A, which is currently pending before the U.S. Department of Labor. (*Id*.).[1] On August 10, 2021, following a telephone status conference with the parties, the Court granted plaintiff's motion for leave. (Doc. 47). The Court

---

[1] "The Sarbanes–Oxley Act makes it illegal for publicly traded companies to retaliate against an employee who reports suspected fraud, or who assists in a fraud investigation or enforcement proceeding." *Rhinehimer v. U.S. Bancorp Invs., Inc.*, 787 F.3d 797, 804 (6th Cir. 2015) (citing 18 U.S.C. § 1514A)). "Whistleblower claims alleging a violation of § 1514A are subject to a burden-shifting framework. First, the plaintiff must establish a prima facie case by proving, under a preponderance of the evidence standard, that (1) [s]he engaged in protected activity; (2) the employer knew or suspected, either actually or constructively, that [s]he engaged in the protected activity; (3) [s]he suffered an unfavorable personnel or employment action; and (4) the protected activity was a contributing factor in the unfavorable action. The employer may then avoid liability if it proves by clear and convincing evidence that the employer would have taken the same personnel action in the absence of the protected activity." *Id*. at 805 (citations and quotations omitted).

specified, however, that plaintiff's motion was granted "only to the extent plaintiff seeks to add a cause of action for retaliation in violation of the Sarbanes-Oxley Act." (*Id*. at PAGEID 1236).

Following the Court's Order, plaintiff filed her third amended complaint on the docket of the Court. (Doc. 48). On August 18, 2021, defendant filed a motion to strike certain allegations in plaintiff's third amended complaint pursuant to Fed. R. Civ. P. 12(f). (Doc. 51). In the motion to strike, defendant argues that paragraphs 58-59, 61-64, and 96-99 in plaintiff's third amended complaint should be stricken "on the ground that they are redundant, immaterial and impertinent" and in violation of the Court's August 10, 2021 Order. (*Id*. at PAGEID 1290). Defendant further argues that plaintiff's third amended complaint "appears to assert new claims for (1) violation of Ohio's unemployment compensation statute, and (2) fraud and misrepresentation – a cause of action that this Court previously dismissed." (*Id*.). Defendant contends that paragraphs 58-59 of plaintiff's third amended complaint "bear no relation to Plaintiff's SOX claim, and instead seek to assert a claim for violation of Ohio's unemployment compensation statute"; paragraphs 96-99 of plaintiff's third amended complaint "are unrelated to Plaintiff's SOX claim and instead attempt to re-assert a claim for fraud and misrepresentation"; and paragraphs 61-64 of the third amended complaint "contain irrelevant allegations regarding the procedural history of her SOX claim before the Department of Labor . . . [which] has no bearing on the merits of Plaintiff's SOX claim." (*Id*. at PAGEID 1293-94).

Plaintiff argues in opposition that the third amended complaint "is not Redundant, Immaterial, Impertinent, or even Scandalous [and] it contains claims that deserve to be litigated as justice requires." (Doc. 54 at PAGEID 1322). Plaintiff argues that defendant's motion should be denied because plaintiff's "SOX claims have not been properly litigated on the merits" (*Id*. at PAGEID 1321), and the paragraphs at issue in her third amended complaint are relevant to her

SOX claims as they detail defendant's alleged "thwart of juridical proceedings, which Plaintiff alleges constitutes further ongoing 'patterns of retaliation' subjected against her." (*Id*. at PAGEID 1322). Plaintiff contends that the third amended complaint "contains only disputed facts or substantial issues of law which should only be addressed *after* discovery and a hearing on the merits." (*Id*. at PAGEID 1325) (emphasis in original).

Defendant argues that plaintiff fails to "establish that Paragraphs 58-59 and 96-99 have any bearing on the SOX Claim . . . [and] Plaintiff essentially admits that those allegations were intended to state a claim for violation of Ohio's Unemployment Compensation Statute[.]" (Doc. 56 at PAGEID 1369). In addition to relying on Fed. R. Civ. 12(f) as the basis for the motion to strike, defendant also argues that the Court should dismiss paragraphs 61-64 of plaintiff's third amended complaint pursuant to Fed. R. Civ. P. 8. (*Id*. at PAGEID 1371; *see* Doc. 51 at PAGEID 1294). Defendant specifically argues that paragraphs 61-64 "unnecessarily expand the claim to include irrelevant and protracted procedural background in a different forum" and "go beyond the bounds of Fed. R. Civ. P. 8(a)(2) and are not 'simple, concise, and direct' as required by Fed. R. Civ. P. 8(d)(1)." (Doc. 56 at PAGEID 1371). Defendant contends that "striking these allegations . . . will streamline discovery and focus the parties and the Court on the merits of Plaintiff's SOX claim." (*Id*.).

**II. Standard of review**

Rule 12(f) provides that on motion by a party, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "[A]llegations in a pleading are immaterial if they have no essential or important relationship to the claim and are impertinent if they do not pertain, and are not necessary to the issues in question." *Huckleberry v. Kellogg Co.*, No. 1:07-cv-220, 2008 WL 728330, at *2 (S.D.

Ohio Mar. 14, 2008) (citation omitted). Whether to apply the rule is in the trial judge's discretion. *Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d 883, 887 (S.D. Ohio 1999), *aff'd*, 254 F.3d 607 (6th Cir. 2001). "Because striking a portion of a pleading is a drastic remedy, such motions are generally viewed with disfavor and are rarely granted." *Id*. *See also Miller v. U.S. Bank, N.A.*, No. 3:17-cv-55, 2018 WL 466426, at *3 (S.D. Ohio Jan. 18, 2018), *report and recommendation adopted*, 2018 WL 708385 (S.D. Ohio Feb. 2, 2018). In applying Rule 12(f), the court should consider "(1) whether the material has any possible relation to the controversy and (2) whether either party would be prejudiced by allowing the pleading to stand as-is." *Miller*, 2018 WL 466426, at *3 (quoting *Amerine v. Ocwen Loan Servicing LLC*, No. 2:14-cv-15, 2015 WL 10906068, at *1 (S.D. Ohio Mar. 31, 2015)).

"When a court grants a party leave to amend a complaint, subsequent amendments that exceed the scope of the leave granted may be stricken under Rule 12(f)." *Wheat v. Chase Bank*, No. 3:11-cv-309, 2014 WL 457588, at *6 (S.D. Ohio Feb. 3, 2014) (striking portions of the amended complaint because the new allegations exceeded the scope of leave that the Court granted to the plaintiff). *See also Helms v. Nationwide Ins. Co. of Am.*, 280 F.R.D. 354, 362 (S.D. Ohio 2012) (striking portions of the plaintiff's amended complaint "because the new allegations and claim against [the defendant] clearly exceed any permissible bounds of the Court's prior grant of Plaintiffs' oral motion to amend his complaint[.]"); *In re Keithley Instruments, Inc.*, 599 F. Supp. 2d 908, 912 (N.D. Ohio 2009) (striking new causes of action that exceeded court's grant of leave to amend).

**III. Analysis**

The issue in this case is whether paragraphs 58-59, 61-64, and 96-99 in plaintiff's third amended complaint should be stricken pursuant to Fed. R. Civ. P. 12(f) and in violation of the

4

Court's August 10, 2021 Order.

### A. Paragraphs 58-59

As best the Court can discern, plaintiff alleges in paragraphs 58-59 that defendant allegedly violated Ohio's unemployment compensation statutes:

> 58. As of August 31, 2020, Plaintiff was ready and able to work. Plaintiff filed for unemployment compensation benefits through Ohio Department of Job and Family Services ("ODJFS") and was "disallowed" unemployment compensation due to Defendant's failure to report the "disability income" paid to Plaintiff during her long-term medical leave. Under Ohio law disability payments are subjected to unemployment contributions when paid by an employer's private disability insurance, such as Cigna, LINA paid on behalf of Defendant to the Plaintiff.
>
> 59. Under Ohio law such payments are considered "renumeration in employment" which would have satisfied Plaintiff's "wage requirements" and "qualifying weeks" required to file a valid application for Ohio unemployment benefits. Defendant, Honeywell has failed to respond or reply to Plaintiff's appeals with both ODJFS and Butler County Common Pleas court on their own behalf. Defendant's actions are willful and in violation of Ohio compensation law. Plaintiff has not been allowed regular unemployment benefits to-date. Plaintiff continues to suffer financial hardship due to Defendant's unlawful actions.

(Doc. 48 at PAGEID 1248-49). The allegations in paragraphs 58-59 of plaintiff's third amended complaint do not concern, and have no relation to, a cause of action for retaliation in violation of SOX. The Court's August 10, 2021 Order did not allow plaintiff to add an unemployment compensation cause of action. (*See* Doc. 47). Accordingly, paragraphs 58-59 in plaintiff's third amended complaint (Doc. 48) are **STRICKEN** pursuant to Fed. R. Civ. P. 12(f). *See Lizza v. Deutsche Bank Nat. Trust Co.*, 714 F. App'x 620, 622 (9th Cir. 2017) ("The district court . . . did not abuse its discretion when it struck the [] Plaintiffs' Second Amended Complaint for exceeding the scope of amendment permitted in the court's first dismissal order."); *Edwards v. Vemma Nutrition*, No. CV-17-2133, 2019 WL 2173673, at *4 (D. Ariz. May 20, 2019) (striking newly added causes of action in contravention of the court's leave to amend which was "narrowly and specifically circumscribed"); *Hill v. Allianz Life Ins. Co. of N. Am.*, No. 6:14-cv-

950, 2015 WL 12838838, at *4 (M.D. Fla. June 17, 2015) (striking an amended complaint because it exceeded the scope of the court's order granting the plaintiff leave to amend); *PB Farradyne, Inc. v. Peterson*, No. C 05-3447, 2006 WL 2578273, *3 (N.D. Cal. Sep. 6, 2006) (striking the plaintiff's new theory of liability alleged in the third amended complaint because the new claim was "outside the scope of the leave to amend").

### B. Paragraphs 96-99

Paragraphs 96-99 in the third amended complaint are contained in the newly alleged fifth cause of action: "Retaliation and Wrongful Termination in violation of the Sarbanes-Oxley Act, 18 U.S.C. § 1514A." (Doc. 48 at PAGEID 1253-54). Despite the inclusion of paragraphs 96-99 in the SOX cause of action, which was authorized by the Court in its August 10, 2021 Order (Doc. 47), the allegations in these paragraphs are entirely unrelated to plaintiff's SOX cause of action. Rather, it appears that plaintiff alleges in paragraphs 96-99 that defendant made false representations which amounted to the tort of fraud under Federal and Ohio law. Plaintiff's third amended complaint specifically provides:

> 96. Defendant's representations were falsely made, with either knowledge of their falsity, or with disregard as to whether they were true or false.
>
> 97. Defendant, though their employees and representatives, has also committed the tort of fraud under Federal and Ohio law.
>
> 98. Defendant's conduct was intentional, willful, wanton, malicious, and in reckless disregard for the Plaintiff's rights.
>
> 99. As a result of Defendant's misrepresentation and fraud, Plaintiff has continued to suffer from financial hardship for which she is entitled to all of the appropriate remedies available to her.

(Doc. 48 at PAGEID 1254). As defendant correctly points out (Doc. 51 at PAGEID 1293), the Court previously dismissed plaintiff's fraud and misrepresentation cause of action. (Doc. 29 at PAGEID 1091-92; *see also* Doc. 35). Despite the dismissal of this cause of action, plaintiff

6

nevertheless attempts to re-assert a cause of action for fraud and misrepresentation in paragraphs 96-99 of the third amended complaint. (Doc. 48 at PAGEID 1254). As previously explained, the Court's August 10, 2021 Order did not authorize plaintiff to assert new claims and theories of liability other than a cause of action for retaliation in violation of SOX. (*See* Doc. 47). Accordingly, as paragraphs 96-99 do not concern plaintiff's SOX claim, these paragraphs are hereby **STRICKEN** pursuant to Fed. R. Civ. P. 12(f).

### C. Paragraphs 61-64

Paragraphs 61-64 in the third amended complaint concern the procedural history of plaintiff's SOX complaint after it was allegedly dismissed as "untimely" by the Occupational Safety and Health Administration ("OSHA") on December 20, 2020. (Doc. 48 at PAGEID 1249). These paragraphs specifically provide:

> 61. On January 20, 2021, as was her right, Plaintiff filed a timely objection against the erroneous preliminary findings of the OSHA investigator and argued equitable tolling among relevant evidence should have been applied in her case as discrimination and retaliation had already been "affirmed" by the OCRC in a previous complaint filed by the Plaintiff against Defendant. Honeywell received a certified copy of Plaintiff's DOL Objection on February 9, 2021.
>
> 62. On March 2, 2021, DOL ALJ entered a "default" against Honeywell for failure to respond or answer to his orders. After a default hearing scheduled on April 5, 2021, Honeywell finally responded to DOL ALJ orders. Honeywell's defense was they were not aware of Plaintiff's SOX complaint or allegations. Honeywell was provided an opportunity to vacate the "default".
>
> 63. On June 4, 2021, the DOL ALJ vacated the "default" against Honeywell but accepted Plaintiff's argument that equitable tolling and relevant evidence should have applied and vacated OSHA's preliminary findings, moving Plaintiff's complaint forward to the discovery stage for a trial. The DOL ALJ issued a discovery conference for June 23, 2021.
>
> 64. On June 23, 2021, Plaintiff advised DOL ALJ of her request to transfer jurisdiction of her SOX complaint to S.D. since both proceedings regarding Plaintiff's pending complaints advised of discovery conferences just six days apart, DOL issued its decision on June 4, 2021 and S.D. issued its Order on June 10, 2021. Honeywell agreed that the allegations in Plaintiff's SAC, (ECF 19), amended on

>> November 18, 2019, mirrored the SOX allegations in the DOL case, See Rule 26(f) Report of Parties submitted on July 12, 2021 in the instant case, (ECF 42 p. 7, Defendant's Position).

(*Id*. at PAGEID 1249-50).

Defendant makes no argument that paragraphs 61-64 contain "redundant, immaterial, impertinent, or scandalous" material as contemplated by Fed. R. Civ. P. 12(f), nor has defendant shown that it would be prejudiced by the inclusion of these paragraphs. Rather, defendant contends that the "procedural history [contained in paragraphs 61-64] has no bearing on the merits of Plaintiff's SOX claim." (Doc. 51 at PAGEID 1294). The Court finds that paragraphs 61-64 of plaintiff's third amended complaint sufficiently relate to plaintiff's SOX claim and there is no significant prejudice to defendant by the inclusion of these paragraphs in the third amended complaint. *See Huckleberry*, 2008 WL 728330, at *2 ("[The] Defendant's motion does not address whether these allegations have no possible relation to the controversy or may cause prejudice to one of the parties, and therefore, the Court finds that Defendant has not met its burden to show that these paragraphs must be struck from the Complaint[.]"). Accordingly, the Court **DENIES** defendant's motion to strike paragraphs 61-64 from the third amended complaint pursuant to Fed. R. Civ. P. 12(f).

To the extent defendant argues that paragraphs 61-64 should be dismissed pursuant to Fed. R. Civ. P. 8 (Doc. 51 at PAGEID 1294; Doc. 56 at PAGEID 1371), defendant's argument is without merit.

Federal Rule of Civil Procedure 8 provides that "[a] pleading that states a claim for relief must contain," among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "A plaintiff must [] plead enough facts to 'allow[] the court

8

to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Kensu v. Corizon, Inc.*, 5 F.4th 646, 650 (6th Cir. 2021) (quoting *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). The proper determination in analyzing a complaint under Rule 8 is whether "the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Kensu*, 5 F.4th at 651 (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)).

Plaintiff's inclusion of allegations relating to the procedural history of the SOX claim (Doc. 48 at PAGEID 1249-50) does not "go far afield of Rules 8(a) and 8(3)," as defendant suggests. (Doc. 51 at PAGEID 1294). The allegations contained in paragraphs 61 through 64 simply recount the relevant circumstances giving rise to the filing of plaintiff's SOX clam in this federal court. The Court therefore additionally **DENIES** defendant's motion to strike paragraphs 61-64 in plaintiff's third amended complaint on this basis.

### IT IS THEREFORE ORDERED THAT:

1. Defendant's motion to strike (Doc. 51) is **DENIED IN PART** and **GRANTED IN PART**. Paragraphs 58-59 and 96-99 in plaintiff's third amended complaint (Doc. 48) are stricken pursuant to Fed. R. Civ. P. 12(f). Defendant's motion to strike (Doc. 51) is **DENIED** in all other regards.

Date: 11/9/2021

Karen L. Litkovitz
Chief United States Magistrate Judge