UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MALISSA R. HARMON,                      Case No. 1:19-cv-670
    Plaintiff,                                   Cole, J.
                                              Litkovitz, M.J.
    vs.

HONEYWELL INTELLIGRATED,           ORDER
    Defendant.

This matter is before the Court on defendant Honeywell Intelligrated ("Honeywell")'s motion for leave to file its motion for summary judgment and supporting documentation under seal. (Doc. 74).

**I. Background**

Plaintiff Malissa Harmon brings this employment discrimination action against Honeywell alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 623 et seq., the Pregnancy Discrimination Act ("PDA"), 42 U.S.C. § 2000e(k), the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514A, and state law. (Doc. 19; *see* Docs. 29, 35).

Honeywell has indicated it is prepared to move for summary judgment. (Doc. 74). In the pending motion to seal, Honeywell requests to file its "Motion for Summary Judgment with incorporated Memorandum in Support," "Defendant's Appendix of Exhibits in Support of Summary Judgment," and the "Deposition transcript of Plaintiff Malissa R. Harmon, with Exhibits" under seal upon filing with the Court. (*Id*. at PAGEID 1831).

**II. Standard of Review**

Under Local Rule 5.2.1(a), "parties may not file documents under seal without obtaining leave of Court upon motion and for good cause shown." A court's discretion to seal its own records and files is limited by the "'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). *See also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files."). This openness presumption owes to the public's "strong interest in obtaining the information contained in the court record . . . [including] an interest in ascertaining what evidence and records" a court relies upon for its decisions. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180-81). The party seeking to seal court records carries the heavy burden of overcoming this presumption, and "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp.*, 825 F.3d at 305 (quoting *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983)). Additionally, the Court is required to set forth specific findings and conclusions justifying the sealing of records—regardless of whether a party objects. *Id.* at 306.

To justify sealing records, the proponent must demonstrate: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). The proponent must also "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal

citations." *Shane Grp.*, 825 F.3d at 305-06 (quoting *Baxter Intern., Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)).

As relevant here, the Sixth Circuit recognizes certain content-based exceptions to the presumption of openness related to "certain privacy rights of participants or third parties. . . ." *Brahmamdam v. TriHealth, Inc.*, No. 1:19-cv-152, 2021 WL 5005368, at *2 (S.D. Ohio Oct. 27, 2021) (quoting *Brown & Williamson*, 710 F.2d at 1179). In the context of civil litigation, this exception is generally limited to "only trade secrets, information covered by a recognized privilege, and information required by statute to be maintained in confidence. . . ." *Id.* (quoting *Reese on Behalf of Fifth Third Bancorp v. Carmichael*, No. 1:20-cv-886, 2020 WL 6810921, at *1 (S.D. Ohio Nov. 16, 2020)).

### III. Analysis

Defendant seeks a blanket order sealing its forthcoming motion for summary judgment, the appendix of exhibits in support of the forthcoming motion for summary judgment, and the deposition transcript of plaintiff. Honeywell argues that the "above-reference[d] documents contain information that has been deemed confidential subject to the parties' Stipulated Protective Order, entered August 17, 2021." (Doc. 74, citing Doc. 50). Honeywell contends the "forthcoming filings will include confidential medical information, private personnel information, and proprietary corporate information," and "the parties' Stipulated Protective Order requires that any motions filed with the Court containing reference to information covered as confidential be filed under Seal." (*Id.*).

The Court recognizes there may be a compelling interest in maintaining the confidentiality of medical records and certain personnel information, as well as proprietary corporate information. It is not the Court's prerogative to assume, however, that the entirety of

3

every document filed in connection with the parties' briefs in this case must be sealed.[1] To do so would reflect consideration of only the first of the three *Shane Group* factors. *See Kondash*, 767 F. App'x at 637. As the party seeking to seal these documents, defendant carries the heavy burden of overcoming the presumption of openness document-by-document with reference to specific reasons and/or legal citations. *Shane Grp.*, 825 F.3d at 305-06. Defendant's motion must be sufficiently specific to allow the Court to, in turn, set forth specific findings and conclusions justifying the sealing of each document—regardless of whether plaintiff objects. *Id.* at 306.

Defendant's motion to seal (Doc. 74) is therefore **DENIED** subject to reconsideration upon the submission of a motion consistent with the law summarized above. The Court notes that in the event any future motion to seal is granted, a redacted version of the motion for summary judgment, appendix of exhibits in support of the motion for summary judgment, and the deposition transcript of plaintiff will be required to be filed on the Court's docket.

**IT IS SO ORDERED**.

Date: 3/19/2022

Karen L. Litkovitz
Chief United States Magistrate Judge

---

[1] For example, defendant has not provided any specific reasons why information related to plaintiff's SOX claim should be redacted.