**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MALISSA R. HARMON,
    Plaintiff,

    vs.

HONEYWELL INTELLIGRATED,
    Defendant.

Case No. 1:19-cv-670
Cole, J.
Litkovitz, M.J.

**ORDER**

This matter is before the Court on plaintiff's motion for leave to file portions of her response in opposition to defendant's motion for summary judgment under seal. (Doc. 90). Plaintiff seeks to file "under seal, the portions of Plaintiff's forthcoming [] Response [in] Opposition to Defendant's motion for summary judgment that refer to, describe, or discuss Plaintiff's medical condition, diagnosis, or medical records including progress notes from Plaintiff's treating medical providers." (*Id*. at PAGEID 4756).[1]

The Court previously granted defendant's motion to seal "portions of defendant's forthcoming motion for summary judgment and deposition transcript of plaintiff that refer[red] to, describe[d], or discuss[ed] plaintiff's medical condition, diagnosis, or medical records and the 5/23/18 and 3/16/18 progress notes from plaintiff's treating medical providers. . . ." (Doc. 78 at PAGEID 1844). In accordance with the factors articulated by the Sixth Circuit in *Shane Group, Inc. v. Blue Cross Blue Shield of Mich*., 825 F.3d 299 (6th Cir. 2016), the Court explained:

> Defendant has proffered compelling reasons for sealing these documents and has shown why the interest in sealing the documents outweighs the public's right to obtain information in the Court's record. "Courts have recognized a person's interest in the privacy of their health information as a legitimate basis for sealing." *Frohn v. Globe Life and Accident Ins. Co*., No. 1:19-cv-713, 2022 WL 1555104, at *1 (S.D. Ohio May 17, 2022) (citing *Patel v. Aetna*, No. 2:17-cv-78, 2018 WL 2268147, at *1 (S.D. Ohio Apr. 3, 2018) and *Bown v. Vore*, No. 3:07-cv-375, 2009 WL 2393117, at *5 n.2 (S.D. Ohio July 30, 2009)). *See also Harrison v. Scott*, No.

---

[1] On July 15, 2022, plaintiff filed a redacted response in opposition to defendant's motion for summary judgment on the docket of the Court. (Doc. 89).

2:18-cv-1023, 2021 WL 2438858, at *2 (S.D. Ohio June 15, 2021) (sealing summary judgment exhibits containing the plaintiff's confidential and sensitive medical records); *In re E.I. Du Pont de Nemours & Co. C-8 Pers. Inj. Litig.*, Nos. 2:13-MD-2433, 2:18-cv-00136, 2019 WL 3208711, at *1 (S.D. Ohio July 16, 2019) (sealing medical records and private health information because "the strong federal policy in protecting the nondisclosure of private health information . . . outweigh[s] the public's interest in disclosure of these materials in this case and serves the strong policy of protecting patient information") (citing *Law v. Zuckerman*, 307 F. Supp. 2d 705, 711 (D. Md. 2004); *Turk v. Oiler*, 732 F. Supp. 2d 758, 771 (N.D. Ohio 2010); *Shane Grp.*, 825 F.3d at 305).

(Doc. 78 at PAGEID 1845).  The Court further concluded that defendant's motion to seal

was narrowly tailored because defendant only sought to seal the "portions" of the

documents that "refer[red] to, describe[d], or discuss[ed] Plaintiff's medical condition,

diagnosis or medical records that [had] not already been disclosed by Plaintiff in her

pleadings in this matter."  (*Id.*, citing Doc. 76 at PAGEID 1839).  The Court also

specified that defendant would file redacted versions of the documents on the Court's

docket, which would be available to the public.  (*Id.* at PAGEID 1845-46).

Here, plaintiff similarly seeks to file under seal the same documentation that

defendant sought to seal, i.e., portions of documentation that refers to, describes, or

discusses plaintiff's medical condition, diagnosis, or medical records including progress

notes from plaintiff's treating medical providers.  (Doc. 90 at PAGEID 4756).  For the

reasons previously explained by the Court (Doc. 78), and with the understanding that

plaintiff will file redacted versions of the documents on the Court's docket, which will be

available to the public, plaintiff's motion for leave to file under seal (Doc. 90) is

**GRANTED**.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff shall file, under seal, the portions of plaintiff's forthcoming response in

   opposition to defendant's motion for summary judgment that refer to, describe, or discuss

plaintiff's medical condition, diagnosis, or medical records including progress notes from

plaintiff's treating medical providers.

2. Plaintiff is **ORDERED** to file the redacted versions of the stated documents on the

docket of the Court.

**IT IS SO ORDERED**.

Date: 7/19/2022

Karen L. Litkovitz
Chief United States Magistrate Judge