UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MALISSA R. HARMON,

    Plaintiff,

v.

HONEYWELL INTELLIGRATED,

    Defendant.

Case No. 1:19-cv-670
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## OPINION AND ORDER

Malissa Harmon, proceeding pro se, sued her former employer, Honeywell Intelligrated, "alleging claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Pregnancy Discrimination Act, the Family Medical Leave Act, the Sarbanes-Oxley Act, and state law." (R&R, Doc. 102, #5761 (cleaned up)). After discovery closed, Honeywell moved for summary judgment. Harmon, meanwhile, moved for leave to file a fourth amended complaint. The Magistrate Judge recommends the Court grant the former and deny the latter. The Court agrees. So the Court **ADOPTS** the Report and Recommendation (Doc. 102), **GRANTS** Honeywell's Motion for Summary Judgment (Doc. 84), **DENIES** Harmon's Motion for Leave to File a Fourth Amended Complaint (Doc. 99), and **OVERRULES** Harmon's Objections to the R&R (Doc. 103).

## BACKGROUND

The Magistrate Judge lays out the background of this case in the first nineteen pages of her R&R. Given the lengthy record, the Court won't duplicate all those facts here. Instead, the Court will offer basic context and recount what happened since the

R&R. The Court refers those interested in a more complete account to the Factual Background section of the R&R.

Intelligrated hired Harmon in 2011. (Doc. 102, #5761). She was originally a Data Entry Associate, but received two promotions, ultimately becoming an Installation Administrative Specialist. (*Id.* at #5761–62). In 2016, Honeywell acquired Intelligrated. (*Id.* at #5762). Roughly a year later, Harmon began having difficulties with her supervisor. (*Id.* at #5763). Her complaints to human resources about a hostile environment ultimately resulted in an internal investigation. (*Id.* at #5768). That investigation found no evidence of a hostile environment, but Honeywell did require her supervisor to undergo training and coaching on managerial skills. (*Id.* at #5772).

Soon after, Harmon took FMLA leave. (*Id.* at #5773). This subsequently turned into short-term disability leave, and then long-term disability leave. (*Id.* at #5773–75). Along the way, Harmon raised various complaints about that leave with Honeywell and its disability insurer, Cigna. (*Id.* at #5776–78). Harmon never returned to active employment at Honeywell. On October 3, 2019, Honeywell terminated her, noting she had "been absent from work under Honeywell's Medical Leave of Absence Policy for more than 18 months." (*Id.* at #5778).

Harmon then sued Honeywell, claiming race, age, and pregnancy discrimination, Family and Medical Leave Act (FMLA) retaliation, and other claims that are no longer relevant. (Doc. 3). She has since amended her Complaint three times: once before Honeywell responded to the original Complaint (*see* Am. Compl.,

2

Doc. 6), once in response to the Magistrate's Report and Recommendation on Honeywell's Motion to Dismiss the First Amended Complaint (*see* 2d Am. Compl., Doc. 19), and once roughly nine months later to add a Sarbanes-Oxley whistleblower claim that had been pending before the Secretary of Labor (*see* 3d Am. Compl., Doc. 48).

After discovery closed, Honeywell moved for summary judgment on all of Harmon's claims. (Doc. 84). Harmon opposed the motion. (Doc. 92). After Honeywell filed its reply (Doc. 96), Harmon also sought leave to file a Fourth Amended Complaint (Doc. 99).

The Magistrate Judge issued an R&R, concluding that all of Harmon's claims fail on summary judgment. As further described below, the Magistrate Judge found that Harmon had failed to establish a prima facie case for any of her discrimination claims under the applicable burden-shifting framework. (Doc. 102, #5783–816). And the Magistrate Judge found the same true for her claim under Sarbanes-Oxley. (*Id.* at #5816–25). Moreover, for at least some claims, the Magistrate Judge also pointed to other reasons that they fail in whole or in part.

The Magistrate Judge then turned to the motion for leave to amend, recommending denial for two reasons. First, the motion—filed some eight months after discovery closed and two months after Honeywell sought summary judgment— was not only untimely but would prejudice Honeywell. (Doc. 102, #5826–27). Second, Harmon's proposed amendments to her Complaint would be futile. (*Id.* at #5827–30).

Harmon objects to the Magistrate Judge's conclusions on both motions. (Doc. 103). Unfortunately, though, as sometimes happens with pro se filings, the objections are difficult to follow, and short on citation to relevant law or record evidence. That said, as Honeywell's response to the objections suggests, Harmon's objections seem to fall into four general categories. First, she complains that the Magistrate Judge should have credited the allegations in her Third Amended Complaint as "facts" for purposes of summary judgment. (Doc. 103, #5836–37). While conceding that the Third Amended Complaint was unverified, Harmon says that she made an "honest mistake" in failing to do so, and that she should have leave to correct that failing. (*Id.*). And, she says, with those "facts" in hand, she has made a prima facie showing on her discrimination claims. (*Id.* at #5832–34). Second, she says that the Magistrate Judge wrongly failed to give preclusive effect to the Ohio Civil Rights Commission determinations on her claims. (*Id.* at #5837–43). Third, Harmon complains that the Magistrate Judge likewise failed to give preclusive effect to an ALJ determination on her Sarbanes-Oxley claim. (*Id.* at #5842–43). Finally, she objects that under Rule 15(c), the Magistrate Judge should have granted her leave to amend. (*Id.* at #5833–34). The matter is ripe for review.

## LEGAL STANDARD

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he

4

district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)).

By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017). A litigant must identify each issue in the R&R to which he or she objects with sufficient clarity that the Court can identify it, or else the litigant waives the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, Harmon is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). But pro se litigants still must comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993). And "[t]he liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105, at *3 (6th Cir. May 5, 2010) (citation omitted).

5

For unobjected portions of the R&R, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases).

## LAW AND ANALYSIS

**A.    Honeywell's Motion for Summary Judgment.**

The party seeking summary judgment bears the initial burden to show the lack of a genuine issue of material fact in the record. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). But the moving party can meet this burden by showing that the non-moving party lacks evidence "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. Once the moving party meets its burden, the non-movant can avoid summary judgment only by pointing to evidence sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making that determination, though, the Court must view the evidence in the light most favorable to the non-movant. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### 1.    Race, Age, And Pregnancy Discrimination.

To ultimately prevail on these discrimination claims, Harmon would first need to provide evidence, either direct or circumstantial, from which a jury could conclude that Honeywell acted with animus based on Harmon's membership in some protected

6

class (here, her race, age, or pregnancy status). *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1246 (6th Cir. 1995) (citing *Terbovitz v. Fiscal Ct.*, 825 F.2d 111, 114–15 (6th Cir. 1987), and *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Harmon seems to pursue the second, circumstantial route. Thus, she will need to point to record evidence providing circumstantial evidence that gives rise to an inference of discrimination. Honeywell seeks summary judgment on the grounds that Harmon cannot succeed in establishing a prima facie case. (*See generally* Doc. 84).

The Sixth Circuit has concluded that, at the summary judgment stage, a prima facie circumstantial evidence case requires the plaintiff to show the following:

1. The employee is a member of a protected group.
2. The employer took an adverse employment action against him.
3. The employee was qualified for the position.
4. The employer *either*:
    a. replaced the employee with someone outside of that protected group *or*
    b. treated him worse than similarly situated employees outside that protected group.

*See id.* (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582–83 (6th Cir. 1992)). This formula, which the Supreme Court adopted in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), now applies to claims of discrimination under both federal and Ohio law. *See Mitchell*, 964 F.2d at 582. It also applies similarly to race, age, and pregnancy discrimination claims.[1] *See, e.g., Starks v. PNC Bank*, No. 3:14-cv-175, 2015 WL

---

[1] These elements "vary slightly depending on the theory [of discrimination] asserted." *Starks v. PNC Bank*, No. 3:14-cv-175, 2015 WL 9303195, at *5 (S.D. Ohio Dec. 22, 2015). When they do, the Court will clarify.

7

9303195, at *5 (S.D. Ohio Dec. 22, 2015); *Panetta v. Sheakley Grp., Inc.*, 707 F. Supp. 2d 767, 772 (S.D. Ohio 2010).

If the plaintiff establishes a prima facie case, the burden shifts to the employer to offer a nondiscriminatory reason for the adverse employment action, after which the burden once again shifts to the plaintiff to show that the reason is pretextual. *McDonnell Douglas*, 411 U.S. at 802, 804. These steps are ultimately irrelevant here, though, because Harmon lacks evidence showing that she can establish a prima facie case of discrimination for any of these claims.

      a.      **Race Discrimination.**

The Magistrate Judge concludes that Harmon's race claim fails to meet the fourth element of the prima facie case under *McDonnell Douglas*. In reaching that conclusion, though, the R&R stumbles a bit at the outset. In particular, the R&R appears to slightly misstate the necessary showing, claiming that Harmon must show that "she was replaced by or treated less favorably than a similarly-situated individual outside the protected class." (Doc. 102, #5783). Not so. That conflates two separate paths available to Harmon under the fourth element. If she is replaced by a person outside the protected class, she need not allege that the replacement is similarly situated. Rather, "similarly situated" applies only when comparing the treatment of two current employees. *See Talley*, 61 F.3d at 1247; *see also Yazdian v. ConMed Endoscopic Techs., Inc.*, 793 F.3d 634, 655 (6th Cir. 2015) (noting that Sixth Circuit cases allow plaintiffs to "establish a prima facie case under either theory").

8

But it matters not. Harmon does not even *allege* that Honeywell replaced her with someone outside her protected racial group, much less provide evidence for it. (*See generally* Doc. 48). So the only way Harmon's claim survives is if she can show a genuine dispute over whether Honeywell treated her worse than similarly situated employees not in her protected class. The Magistrate Judge rightly concludes that she does not do so. (Doc. 102, #5784).

The Magistrate Judge says that "Harmon has not identified any non-African American employees who were allegedly treated more favorably than Harmon." (*Id.*). In her objections, Harmon points to allegations in her unverified Third Amended Complaint. (Doc. 103, #5832). Two problems with that.

First, unverified allegations in a complaint are not "facts" the Court can consider on summary judgment. *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017).

Second, even if they were, the Magistrate Judge notes that Harmon's Third Amended Complaint fails to "identify any of the [comparator] employees by name." (Doc. 102, #5784). And to satisfy the fourth *McDonnell Douglas* element through the "similarly situated" path, "the employment situation of the comparator and plaintiff must be similar 'in all relevant aspects.'" (*Id.* at #5783 (citing *Romans v. Michigan Dept. of Hum. Servs.*, 668 F.3d 826, 837–38 (6th Cir. 2012))). The Magistrate Judge concludes that Harmon failed to make that showing.

Harmon specifically objects only to the first issues. She concedes that she made an "honest mistake" and failed to verify the Third Amended Complaint. (Doc. 103, #5836). But, she says, she has remedied that "mistake" by attaching a "perjury

9

statement" to her objections. (*Id.* at 5857). And to her credit, a verified complaint is like an affidavit, so granting her leave to verify the complaint would take care of the can-we-consider-it issue. *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

But the Court does not reach the verification issue. That is because, even if Harmon had verified her complaint, her allegations still fall short of a prima facie case. As noted, she needs to identify similarly situated comparators. The Magistrate Judge observes she did not do so in her summary judgment briefing. (Doc. 102, #5784). Harmon responds by generally objecting that the allegations in the Third Amended Complaint suffice (Doc. 103, #5832), but there she fails to adequately identify any such comparators for summary judgment—she does not show "how these employees were similarly-situated in all relevant aspects." (Doc. 102, #5784). And without such comparators, her race discrimination claims fail.

    **b. Age Discrimination.**

The Magistrate Judge says that Harmon's age discrimination claim fails the second and fourth elements of a prima facie case under *McDonnell Douglas*. (*Id.* at #5803). The Court agrees but only regarding the fourth element.

Firing someone is an adverse employment action. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 402 (6th Cir. 2008). Honeywell fired Harmon. That's enough for the second element.

But like with her race discrimination claim, Harmon cannot meet the fourth *McDonnell Douglas* element. To start, note that the fourth element changes slightly for age discrimination claims. For these claims, the replaced-by-someone-outside-the-

10

protected-class option for satisfying the fourth *McDonnell Douglas* element "is modified to require ... merely replacement by a significantly younger person." *See Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003) (citing *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 352–53 (6th Cir. 1997)).

The Magistrate Judge highlights that here, as with her race claims, Harmon does not provide any record evidence that Honeywell either replaced Harmon with someone substantially younger or treated Harmon worse than a similarly situated, but younger, comparator. (Doc. 102, #5807–10). Again, in her objections, Harmon offers no specific objections pointing to evidence suggesting otherwise. And once more, even crediting her Third Amended Complaint as an affidavit, that remains the case. Nowhere in it does she specifically identify any substantially younger worker to serve as a comparator for her age discrimination claims. So that claim fails.

### c. Pregnancy Discrimination.

The Magistrate Judge rightly concludes that Harmon's preganancy discrimination claim fails, and seems to imply that it fails at the fourth *McDonnell Douglas* prima facie case element. Again, note that the fourth element is slightly different for pregnancy discrimination claims. For such claims, the fourth element is whether "there is a nexus between her pregnancy and the adverse employment decision." *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 573 (6th Cir. 2006) (quoting *Cline v. Cath. Diocese of Toledo*, 206 F.3d 651, 658 (6th Cir. 2000)). Here, there is not.

11

For her pregnancy discrimination claim, Harmon says she experienced an adverse action when Honeywell denied her short term disability benefits. (Doc. 48, #1252). But the law on this is clear—"[u]nless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits." *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988).

Here, "it is undisputed that Cigna, Honeywell's third-party plan administrator, 'independently determined Malissa Harmon's [short term disability] … benefits.'" (Doc. 102, #5811 (quoting (Doc. 84-7, #2405))). As the Magistrate Judge points out, "the undisputed evidence of record shows there is no genuine issue of material fact that Cigna solely made this [benefits] decision independent and separate from Honeywell." (Doc. 102, #5813). And though Harmon generally objects to this, she offers no evidence suggesting the contrary. (Doc. 103, #5849–54).

So the adverse decision on benefits arguably fails *both* the second and fourth *McDonnell Douglas* elements. Honeywell did not take the adverse action, Cigna did. And there is no evidence that there is a nexus between that action and Harmon's pregnancy. Of course, there is perhaps another adverse action which Harmon ignores for this particular claim—her firing. But even if she had, that also fails at element four, because Harmon points to no evidence, even in her objections, that there was a nexus between her firing and her pregnancy. And again, that is so even if the Court were inclined to accept the factual allegations in the Third Amended Complaint as facts for summary judgment purposes. So Harmon's pregnancy claims fail.

**2. FMLA Retaliation.**

A FMLA retaliation claim also uses the *McDonnell Douglas* burden shifting framework, though with different elements for the prima facie case. To establish a prima facie case, a plaintiff must show that

1. she was engaged in an activity protected by the FMLA;
2. the employer knew that she was exercising her rights under the FMLA;
3. after learning of the employee's exercise of FMLA rights, the employer took an employment action adverse to her; and
4. there was a causal connection between the protected FMLA activity and the adverse employment action.

*Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012) (quoting *Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549, 556 (6th Cir. 2006)).

The Magistrate Judge rightly concludes that Harmon's FMLA claim fails as a matter of law, arguably at the third and fourth *Killian* factors. Harmon brings this claim because she was denied short term disability while on approved FMLA leave for her pregnancy. (Doc. 102, #5815). But, as the Court pointed out above, Cigna, not Honeywell, took the adverse action—and Harmon provides no evidence of a causal connection between that action and her FMLA leave. (*Id.* at #5815–16). Nor is there any evidence that she was fired for taking leave either. Again, that is true even if the Court credits the factual allegations in the Third Amended Complaint for summary judgment purposes, as Harmon requests in her objections. So Harmon's FMLA retaliation claim fails.

13

### 3. Hostile Work Environment.

A hostile work environment claim also uses the *McDonnell Douglas* burden shifting framework, though once again with different elements for the prima facie case. To establish a prima facie case of a racially hostile work environment, a plaintiff must show that:

1. she was a member of a protected class;
2. she was subjected to unwelcome racial harassment;
3. the harassment was based on race;
4. the harassment unreasonably interfered with her work performance by creating an intimidating, hostile, or offensive work environment; and
5. the employer is liable.

*Barrett v. Whirlpool Corp.*, 556 F.3d 502, 515 (6th Cir. 2009) (citing *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999)).

The Magistrate Judge concludes that Harmon's hostile work environment claim fails at the third and fourth *Hafford* elements. Because the Court agrees as to the third element, it need not consider the fourth.

The third element requires either "(1) direct evidence of the use of race-specific and derogatory terms or (2) comparative evidence about how the alleged harasser treated members of *both* races in a mixed-race workplace" that shows the harassment would not have occurred but for the victim's race. *Bradley v. Arwood*, 705 F. App'x 411, 417 (6th Cir. 2017) (emphasis added) (quoting *Williams v. CSX Transp. Co., Inc.*, 643 F.3d 502, 511 (6th Cir. 2011)).

14

As to the former, no evidence shows anyone used racially derogatory terms towards Harmon. (Doc. 102, #5788). And, as to the latter, which requires comparative evidence, Harmon cites only the unverified allegations in her Third Amended Complaint. (*Id.* at #5788–89). Even taking those allegations at face value, they fail to support the notion that white employees *weren't* similarly mistreated. (*Id.* at #5788–89). More specifically, Harmon points to only eight paragraphs in her Third Amended Complaint as support for her comparative mistreatment claim. But, based on the Court's review, none of the eight suggest that other white employees were not also mistreated. (Doc. 89, #3842–43 (citing Doc. 48, ¶¶ 11, 14, 18, 21, 27, 31–33)).

Meanwhile, Honeywell cites extensive record evidence, including declarations from three witnesses, suggesting that the harraser mistreated all employees without regard to race. (Doc. 102, #5787). That may be poor workplace conduct, but it is not race discrimination. True, Harmon points to an Ohio Civil Rights Commission report which determines that she experienced harassment. (Doc. 103, #5839). But the Magistrate Judge rightly points out that the Court can set aside an official report when faced with indicia of untrustworthiness. (*Id.* at #5793–95 (citing *Alexander v. CareSource*, 576 F.3d 551, 563 (6th Cir. 2009))). And this report bears those indicia in spades—including factual inaccuracies, a factually vague report, lack of an agency hearing, and an atypically long investigation period. (*Id.*).

While Harmon objects, arguing that the OCRC determination should be given preclusive effect, (Doc. 103, #5839), "the OCRC's findings have no binding effect on this Court because the agency was not acting in a judicial capacity (significantly, the

15

OCRC did not provide for court review of its findings), the agency's decision would have no preclusive effect under Ohio law and this action does not involve issues that were already determined by the OCRC." (Doc. 105, #5865); *see Nelson v. Jefferson County*, 863 F.2d 18, 18–19 (6th Cir. 1988) (holding that "administrative determinations" are "entitled to preclusive effect" only when "the agency [was] acting in a judicial capacity," "the decision [would] have preclusive effect under [state] law: and "the federal action seek[s] to litigate issues already determined by the state agency.").

So Harmon's claim fails at the third *Hafford* element. Thus the Court need not address whether the Magistrate Judge correctly concluded that it fails at the fourth element, as well. Regardless, Harmon's claim does not survive summary judgment.

**4.     Sarbanes-Oxley Act Retaliation.**

Like Harmon's other claims, this claim is analyzed under a burden shifting framework. Here:

> the plaintiff must establish a prima facie case by proving, under a preponderance of the evidence standard, that
>
> 1.     he engaged in protected activity;
>
> 2.     the employer knew or suspected, either actually or constructively, that he engaged in the protected activity;
>
> 3.     he suffered an unfavorable personnel or employment action; and
>
> 4.     the protected activity was a contributing factor in the unfavorable action.

*Rhinehimer v. U.S. Bancorp Invs., Inc.*, 787 F.3d 797, 805 (6th Cir. 2015).

16

The Magistrate Judge says the Third Amended Complaint identifies three adverse actions relevant to this claim: heightened supervisory scrutiny in 2017, loss of employment benefits, and her firing. (Doc. 102, #5818–19). The first action is time-barred, because "Harmon failed to exhaust her administrative remedies by not filing her complaint within the 180-day statutory filing period." (*Id.* at #5818); *see also* 18 U.S.C. §1514A(b)(2)(D) (establishing 180-day statute of limitations). Harmon objects, saying that she is entitled to tolling but cites nothing to support that.[2] (Doc. 103, #5842–43). That is at best a general objection, and thus does not trigger a right to review beyond perhaps clear error, *see* Fed. R. Civ. P. 72(b) (advisory committee notes), which is not present here.

The loss of employment benefits, meanwhile, fails to meet the third and fourth *Rhinehimer* elements, because Cigna made the benefits decisions at issue. (Doc. 102, #5818–19). And her firing fails at the fourth element, because Harmon cites no record evidence connecting her Sarbanes-Oxley complaints to her firing. (*Id.* at #5819–20). The Magistrate Judge then explains why Harmon's claim fails even if Harmon establishes the *Rhinehimer* elements. But because, at minimum, Harmon cannot establish the fourth element, the Court need not address that. Harmon's claim fails regardless. And compounding her problems, it does not appear that Harmon has objected to this portion of the R&R.

So the Court **GRANTS** Honeywell's Motion for Summary Judgment (Doc. 84).

---

[2] She vaguely cites "Sixth Circuit Supreme Court" precedent, without specifying any particular case. (Doc. 103, #5843). No matter. If this were the only defect, her claim would survive, as the other adverse actions are not time-barred. But those actions are also defective.

17

**B.     Harmon's Motion For Leave To Amend.**

"In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)).

Harmon moved to amend "some eight months after the discovery deadline had passed and two months after Honeywell filed its motion for summary judgment." (Doc. 102, #5827). This is the fourth complaint she's trying to offer. With discovery closed and the dispositive motion deadline well past, Honeywell will have to expend significant resources to respond to the complaint, causing it prejudice. *See Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (explaining that "allowing amendment months after the close of discovery and after dispositive motions were filed and briefed would have resulted in significant prejudice"). The Magistrate Judge also explains why Harmon's claims are likely futile. Harmon does not attach a proposed complaint, and the delay, lack of notice, previous deficiencies, and prejudice are enough to deny leave. So the Court need not try to discern the claims she might bring. No matter what, leave is not appropriate.

Harmon's objection to that is, at best, a general objection. She merely reargues that Rule 15(c) requires that leave be freely given. Perhaps so, but freely given doesn't mean always given. And here there are good reasons to say no. So the Court **DENIES** Harmon's Motion for Leave to File a Fourth Amended Complaint (Doc. 99).

18

## CONCLUSION

For the reasons above, the Court **ADOPTS** the R&R (Doc. 102), **GRANTS** Honeywell's Motion for Summary Judgment (Doc. 84), **DENIES** Harmon's Motion for Leave to File a Fourth Amended Complaint (Doc. 99), and **OVERRULES** Harmon's Objections to the R&R (Doc. 103). The Court **DIRECTS** the Clerk to **ENTER JUDGMENT** in Honeywell's favor and **TERMINATE** this matter on the Court's docket.

**SO ORDERED.**

July 5, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**